1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

RONNIE PADILLA,

Petitioner,

Case No.  17-cv-05007-DMR (PR)

8

v.

9
10

KEN CLARK, Warden,[1]

Respondent.

11
12

**ORDER DENYING MOTION TO LIFT STAY; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; CONTINUING STAY OF PROCEEDINGS PENDING EXHAUSTION OF STATE COURT REMEDIES; AND DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS**

13

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus

14

pursuant to 28 U.S.C. § 2254.  Dkt. 8.  Thereafter, Petitioner requested a stay of the proceedings

15

while he completed the process of exhausting his unexhausted claims in state court.  Dkt. 10 at 5.

16

Petitioner admitted that his petition contained one exhausted claim (i.e., "Ground/Claim #1 in

17

federal writ petition") as well as "unexhausted claims that have not been exhausted before the

18

California State Courts."  *Id.* at 1, 5.

19

On January 9, 2018, the court issued an Order granting Petitioner's request for a stay of

20

proceedings while he returned to state court to exhaust his state court remedies as to certain

21

claims.  Dkt. 11.  The court stated as follows: "Nothing further will take place in this action until

22

Petitioner receives a final decision from the highest state court and, within **twenty-eight (28) days**

23

of doing so, moves to reopen the action, lift the court's stay and amend the stayed petition to add

24

the newly-exhausted claims."  *Id.* at 3.

25

Before the court is Petitioner's motion entitled, "Motion to Move This Case Forward," in

26
27
28

[1] Ken Clark, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

1   which he informs the court that he "has brought the unexhausted claims before the superior court,"

2   and "has compl[i]ed with [the January 9, 2018] Order[]."  Dkt. 17 at 1.  Petitioner also requests for

3   appointment of counsel in this matter.  *Id.*  The court construes Petitioner's motion as a request to

4   lift the stay and now considers such a request along with his request for appointment of counsel.

5          At this time, the record shows that Petitioner has not exhausted his state court remedies.

6   Petitioner has only presented his unexhausted claims to the state superior court, and he has failed

7   to present them before either the state appellate or supreme courts.  Therefore, it is clear that

8   Petitioner has not yet exhausted his available state court remedies as to his unexhausted claims.

9   Thus, the court DENIES his motion to lift the stay.  Dkt. 17.

10          Because the record shows that Petitioner has not exhausted his state court remedies as to

11   these unexhausted claims, IT IS HEREBY ORDERED THAT the stay of proceedings shall

12   continue, and Petitioner shall pursue the exhaustion of his state court remedies, as directed below.

13          Petitioner also requests appointment of counsel in this matter.  Dkt. 17 at 1.  The Sixth

14   Amendment's right to counsel does not apply in habeas corpus actions.  *See Knaubert v.*

15   *Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986).  However, the court is

16   authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that

17   the interests of justice so require" and such person is financially unable to obtain representation.

18   18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the court.

19   *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987);

20   *Knaubert*, 791 F.2d at 728.  Appointment is mandatory only when the circumstances of a

21   particular case indicate that appointed counsel is necessary to prevent due process violations, *see*

22   *Chaney*, 801 F.2d at 1196, and whenever an evidentiary hearing is required, *see* Rule 8(c) of the

23   Rules Governing Section 2254 Cases; *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th

24   Cir. 1995); *Bashor*, 730 F.2d at 1234.  The court finds that the appointment of counsel is not

25   necessary at this time, and it DENIES Petitioner's request for appointment of counsel.  Dkt. 17.

### CONCLUSION

27          For the foregoing reasons, the court orders as follows:

28          1.          Petitioner's "Motion to Move This Case Forward," which has been construed as a

2

United States District Court
Northern District of California

1  motion to lift the stay, is DENIED.  Dkt. 17.

2       2.     Petitioner's request for appointment of counsel is DENIED.  Dkt. 17.

3       3.     The stay of proceedings shall continue, and Petitioner shall pursue the exhaustion

4  of his state court remedies.  **Petitioner must act diligently in exhausting his state court**

5  **remedies, or the stay may be lifted.**  He must file quarterly reports describing the progress of his

6  state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and

7  continuing every **twenty-eight (28) days** thereafter until his state court proceedings are

8  completed.  He must also attach to his status reports copies of the cover page of any document that

9  he files with or receives from the state courts relating to the claims.

10       4.     This matter shall remain administratively closed pending the stay of this action.

11  Nothing further will take place in this action until Petitioner receives a final decision from the

12  highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift

13  the court's stay and amend the stayed petition to add the newly-exhausted claims.  *See Rhines v.*

14  *Weber*, 544 U.S. 269, 278 (2005) (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)

15  (stating that such a timeline is normally appropriate)).

16       5.     This Order terminates Docket No. 17.

17       IT IS SO ORDERED.

18  Dated:  March 9, 2021

19  _____

20  DONNA M. RYU
    United States Magistrate Judge

21

22

23

24

25

26

27

28